916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. RAY, Plaintiff-Appellant,
v.
Honorable Ned Ray McWHERTER, Jim Kennedy, David Wells,
Charles Traughber, James M. Brown, Defendants-Appellees.
 No. 90-5190.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 James E. Ray appeals from a district court order dismissing his civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ray filed suit against the Governor of Tennessee, two of the governor's staff members, the chairman of the Tennessee Board of Paroles and James Brown, a private citizen, seeking declaratory relief and damages. In his complaint Ray alleged: (1) the defendants acted in concert to deny him due process of law in violation of the fourteenth amendment, by denying him a parole hearing in January of 1989; (2) the defendants' actions, excluding those of defendant Brown, effectively "nullified" a law which would have provided Ray a parole hearing in January of 1989 and, therefore, their actions violated the ex post facto clause of the Constitution; (3) the defendants' actions violated state law; and (4) defendant Brown had conspired with the other defendants through the use of political influence, to deny Ray a parole hearing, in violation of the due process clause.
 
 
 3
 Upon review, we conclude that the complaint was properly dismissed for the reasons set forth in the district court's memorandum and order entered January 18, 1990. In addition, the governor's directive did not impose punishment for an act which was not punishable at the time it was committed, or impose additional punishment to the sentence then prescribed for Ray. Weaver v. Graham, 450 U.S. 24, 28 (1981); Dale v. Haeberlin, 878 F.2d 930, 934 (6th Cir.1989), cert. denied, 110 S.Ct. 1528 (1990).
 
 
 4
 Ray does not raise any other issues showing that his conviction was fundamentally unfair. Rose v. Clark, 478 U.S. 570, 577 (1986).
 
 
 5
 Accordingly, the district court's order dismissing the complaint is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.